UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
VICTOR PAYANO,

                Plaintiff,  :  17 Civ. 9983 (HBP)

  -against-  :  OPINION
                              AND ORDER

1652 POPHAM ASSOCIATES, LLC,  :
et al.,
                            :

                Defendants.
                            :
-----------------------------------X

      PITMAN, United States Magistrate Judge:

      This matter is before me for review of the parties' settlement agreement in this action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. and the New York Labor Law ("NYLL"). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the settlement is approved, with the amendments set out herein.[1]

      The parties appeared at a settlement conference before me on August 1, 2018. During the course of the conference, the

---

[1] During the course of negotiating the formal settlement agreement subsequent to an August 1, 2018 settlement conference, the parties reached an impasse concerning two provisions -- re-employment and non-disparagement. During a recorded conference call held on December 21, 2018, counsel for plaintiff and defendants agreed that I could resolve their dispute concerning these provisions. Subsequent to that call, counsel for plaintiff and defendants submitted letter briefs in support of their respective positions concerning the contested provisions.

following facts were disclosed. Plaintiff worked as a superintendent at a 49-unit apartment building owned and operated by defendants. Plaintiff claims that he was employed by defendants from October 28, 2012 through October 31, 2017; defendants claim he was employed by them from December 16, 2013 through December 18, 2017. Plaintiff claims that during the course of his employment he was paid an hourly wage that ranged from $17.88 to $21.01 but that he was never paid anything for the hours he worked in excess of 40 hours per week; plaintiff claims that, on average, he worked 66-77 hours per week. Plaintiff also claims defendants made illegal deductions from his wages for the cost of the apartment in which plaintiff claims he was required to reside. Finally, plaintiff also alleges that defendants violated several provisions of the NYLL, including Sections 191(1)(a)(i) (requiring manual workers to be paid on a weekly basis), 195(1) (requiring wage notices) and 195(3) (requiring wage statements). Plaintiff claims that he is owed $229,792.50 in unpaid overtime pay, $229,792.50 in liquidated damages, statutory damages for the alleged NYLL violations and attorney's fees.

Other than the fact of plaintiff's employment, defendants deny the material allegations of the complaint and claim that during the period of his employment, plaintiff operated his own construction business "on the side." Defendants claim that plaintiff's alleged side business caused plaintiff to be absent

from the apartment building for extended periods of time when plaintiff should have been working. Defendants also claim, among other things, that plaintiff would, at times, have his cousin stand in for him at the apartment building and perform the work plaintiff was supposed to perform and that plaintiff permitted friends and acquaintances to stay in vacant apartments rent-free. Defendants deny that they owe plaintiff any overtime pay, and claim that they complied with all applicable provisions of the NYLL.

As noted above, the parties and their counsel appeared for a settlement conference before me on August 1, 2018. After an extended discussion and several exchanges of offers and counter-offers, I made a mediator's proposal that the matter settle for the total sum of $60,000.00. Both sides accepted my proposal.

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376 at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good

3

a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, the net settlement amount represents approximately 17% of plaintiff's claimed unpaid overtime pay. Defendants contend that they have time records that accurately reflect the hours plaintiff worked and additional documentary evidence establishing that plaintiff was in fact operating a construction business and was, at times, absent from the building during working hours. Plaintiff's case appears to rest entirely on his own testimony. As discussed in more detail below, given the risks plaintiff would face if the case proceeded to trial, the

4

settlement amount is reasonable. See Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. As noted above, defendants dispute plaintiff's claim that he is owed overtime premium pay and claim to possess documentary evidence that lends at least some support to their contentions. Plaintiff's case appears to rest entirely on his oral testimony. Thus, trial preparation would likely require depositions of both sides. The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable plaintiff to avoid the risk of litigation. To prevail at trial, plaintiff will bear the burden of proving the number of hours that he worked and how much he was paid. Given plaintiff's apparent inability to identify any corroborating evidence and his interest in the outcome, there is a non-trivial risk that a fact finder may not credit his testimony. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the

fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, there is no evidence that the settlement is anything other than the product of arm's-length bargaining between experienced counsel. As noted above, the final settlement amount was suggested by the undersigned.

Fifth, there is no evidence suggesting fraud. The fact that I suggested the settlement amount conclusively negates the possibility of fraud or collusion.

Defendants have proposed an extremely broad provision that would prohibit plaintiff from seeking re-employment with defendants or seeking to rent an apartment in one of defendants' buildings. Specifically, defendants have proposed the following prohibition:

## 8. **NO FUTURE EMPLOYMENT OR TENANCY**:

A) Plaintiff acknowledges and agrees that he is not currently an active employee of Defendants or the Releasees. Plaintiff also agrees that he hereby relinquishes any and all rights he may have to either directly or indirectly: (i) be employed by; (ii) be assigned to; (iii) work for; (iv) seek employment with or apply to; (v) accept employment with; or (vi) provide services in exchange for compensation in any capacity to (including, but not limited to, as an employee, independent contractor, consultant or temporary employee) either the Defendants or Releasees, unless Plaintiff's current or future employer is purchased or acquired by any of the Defendants or Releasees. Plaintiff agrees that he will not knowingly seek, apply for, or accept any employment or assignment to which he has relinquished any rights. Plaintiff agrees that his signing of this agreement will constitute good and sufficient cause to reject any application Plaintiff might make despite this provision, or to terminate Plaintiff's employment if he should obtain such employment.

B) Plaintiff additionally hereby relinquishes any and all rights he may have to either directly or indirectly be owner, part-owner, shareholder, tenant or lessee, sub-tenant or sub-lessee of any property owned or managed, whether in whole or in part, by the Defendants and/or Releasees, unless Plaintiff's current or future housing accommodation, or property in which Plaintiff already holds ownership or other rights, is purchased, acquired or becomes managed by the Defendants and/or Realsors. Plaintiff agrees that he will not knowingly seek, apply for, or accept any housing accommodation or other property rights which he has relinquished herein. Plaintiff agrees that his signing of this agreement will constitute good and sufficient cause to reject any application for housing or offer to purchase property Plaintiff might make despite this provision, or to otherwise terminate, discontinue, and/or not renew Plaintiff's tenancy if he should obtain such property rights.

The foregoing provision is unacceptable. It is well established that clauses barring re-employment conflict with the

7

FLSA's "primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015); see also Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (striking down a similar provision barring plaintiffs from ever working, or applying to work, for defendants because it was in direct conflict with FLSA's remedial purpose); Olano v. Designs by RJR, Ltd., 17 Civ. 5703 (WHP), 2017 WL 4460771 at *3 (S.D.N.Y. Oct. 6, 2017) (Pauley, D.J.) (describing a re-employment prohibition as being one of the "'greatest hits'" of the provisions that are unacceptable under Cheeks); Baikin v. Leader Sheet Metal, Inc., 16 Civ. 8194 (ER), 2017 WL 1025991 at *1 (S.D.N.Y. Mar. 13, 2017) (Ramos, D.J.) (same).

The prohibition against plaintiff acquiring or seeking a lease or other interest in property owned by defendants is equally problematic. Given the unequal bargaining power that an employer enjoys, judges in this Circuit have been extremely sensitive to settlement provisions that provide benefits to employers that go beyond the release of wage and hour claims. See Thallapaka v. Sheridan Hotel Assocs. LLC, 15 Civ. 1321 (WHP), 2015 WL 5148867 at *1 (S.D.N.Y. Aug. 17, 2015) (Pauley, D.J.) ("An employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA"

8

(internal quotation marks and citations omitted)); accord Sanchez v. Alan's R E 99 Cents & Up Inc., 16 CV 1881 (CBA)(LB), 2018 WL 2452784 at *4 (E.D.N.Y. Apr. 24, 2018). This litigation raises no issue concerning plaintiff's fitness as a tenant, and the prohibition is unquestionably an attempt by defendants to gain an advantage beyond the release of the wage and hour claims. The provision is also clearly retaliatory in violation of 29 U.S.C. § 215(a)(3).[2] Accordingly, Section 8 of the parties' settlement agreement is stricken.

The parties also have a disagreement concerning the settlement agreement's non-disparagement provision. The non-disparagement provision provides:

> **11. NONDISPARAGEMENT:** Plaintiff further agrees that neither he nor anyone under his control or at his direction will take, support, encourage, induce or voluntarily participate in any action or attempted action that would negatively comment on, disparage or call into question the business operations, policies or conduct of the Releasees, or to act in any way with respect to such business operations, policies or conduct that would likely damage any of the Releasees' reputations, business relationships, or present or future business. For the purposes of this agreement, the term "disparage" includes and is not limited to comments or statements to the press and/or media, as well as to persons or entities with whom the Releasees have a business or charitable relationship, which would adversely affect the Releasees. However, nothing in this Section shall be construed to prohibit Plaintiff

---

[2]The FLSA prohibits retaliation against both current and former employees. Dunlop v. Carriage Carpet Co., 548 F.2d 139, 142 (6th Cir. 1977); Morangelli v. Chemed Corp., 10 Civ. 00876 (BMC), 2011 WL 7475 at *2 (E.D.N.Y. Jan. 1, 2011)

9

> from making truthful statements concerning his experience litigating the Civil Action.

Courts in this Circuit have held that while "not all non-disparagement clauses are per se objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case [because] [o]therwise, such a provision contravenes the remedial purposes of the [FLSA] and . . . is not fair and reasonable." Martinez v. Gulluoglu LLC, 15 Civ. 2727 (PAE), 2016 WL 206474 at *1-*2 (S.D.N.Y. Jan. 15, 2016) (Engelmayer, D.J.) (internal quotation marks omitted); accord Mei Na Lao v. Chung Chou City, LLC, 16 Civ. 9193 (AJN), 2018 WL 2170298, at *2 (S.D.N.Y. May 10, 2018) (Nathan, D.J.); Howard v. Don Coleman Advert. Inc., 16 Civ. 5060 (JLC), 2017 WL 773695 at *2 (S.D.N.Y. Feb. 28, 2017) (Cott, M.J.) (striking down a mutual non-disparagement clause that did not contain a carve-out provision). Although plaintiff makes a number of arguments claiming that the non-disparagement clause here is improper, neither plaintiff's research nor my own has found any case in the Circuit disapproving a non-disparagement clause in an FLSA settlement agreement that contains a carve out for truthful statements concerning the plaintiff's experience litigating the action. To the contrary, the overwhelming weight of authority has approved such provisions. E.g., Montenegro v. NMN Food LLC, 18 Civ. 3153 (RA), 2018 WL 6618372 at *2 (S.D.N.Y.

10

Dec. 18, 2018) (Abrams, D.J.); Zhi Li Zhong v. Rockledge Bus Tour Inc., 18 Civ. 454 (RA), 2018 WL 3733951 at *3 (S.D.N.Y. Aug. 6, 2018) (Abrams, D.J.); Elamrani v. Henry Limousine, Ltd., 15 CV 2050 (CLP), 2018 WL 3518505 at *3 (E.D.N.Y. July 19, 2018); Velandia v. Serendipity 3, Inc., 16 Civ. 1799 (AJN), 2018 WL 3418776 at *3-*4 (S.D.N.Y. July 12, 2018) (Nathan, D.J.); Gomez v. Midwood Lumber & Millwork, Inc., 17-CV-3064 (KAM)(JO), 2018 WL 3019877 at *6 (E.D.N.Y. June 17, 2018). Given this array of authorities, the proposed non-disparagement clause is not objectionable.

Finally, the settlement provides that 33.3% of the net settlement fund -- $19,824.00[3] -- will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13

---

[3]Counsel incurred $526.00 in out of pocket costs in bringing this action. I presume this figure is comprised of the $400.00 filing fee and $126.00 for service. Deducting these amounts from the $60,000.00 settlement figure leaves a remainder of $59,474.00. One-third of $59,474.00 is $19,824.67.

Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, Section 8 of the parties' settlement agreement is stricken; all other provisions of the settlement agreement are approved.

In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
February 6, 2019

SO ORDERED

*[signature]*

HENRY PITMAN
United States Magistrate Judge

12

Copies transmitted to:

All Counsel